## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., | CASE NO.   6:21-cv-1268 |
| *Plaintiff*, | |
| vs. | **Complaint for Patent Infringement** |
| NINTENDO CO., LTD., NINTENDO OF AMERICA, INC., and SAMSUNG DISPLAY CO., LTD., | **JURY DEMANDED** |
| *Defendants*. | |

## <u>Complaint for Patent Infringement</u>

Plaintiff Solas OLED Ltd. ("Solas") files this complaint against Nintendo Co., Ltd., Nintendo of America, Inc. (together, "Nintendo" or "Nintendo Defendants"), and Samsung Display Co., Ltd. ("Samsung Display"), alleging infringement of U.S. Patent Nos. 7,499,042 (the "'042 patent"); 7,573,068 (the "'068 patent"); 7,868,880 (the "'880 patent"); and 7,663,615 (the "'615 patent") (together, the "Patents-in-Suit"). The Accused Products are electronic devices with OLED displays made, used, offered for sale, sold, imported by Defendants in the United States and supplied by Samsung Display to its customers, including Nintendo, and integrated into electronic devices imported and sold in the United States. The Accused Products also specifically include the OLED display panels sold by Defendant Samsung Display to its customers such as the Nintendo Defendants.

**Plaintiff Solas OLED and the Patents-in-Suit.**

1. Plaintiff Solas is a technology licensing company organized under the laws of Ireland, with its headquarters at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland.

2. Solas is the owner of U.S. Patent No. 7,499,042, entitled "Display Device, Data Driving Circuit, and Display Panel Driving Method," which issued March 3, 2009 (the "'042 patent"). A copy of the '042 patent is attached to this complaint as Exhibit 1.

3. Solas is the owner of U.S. Patent No. 7,573,068, entitled "Transistor Array Substrate and Display Panel," which issued August 11, 2009 (the "'068 patent"). A copy of the '068 patent is attached to this complaint as Exhibit 2.

4. Solas is the owner of U.S. Patent No. 7,868,880, entitled "Display Apparatus and Drive Control Method Thereof," which issued January 11, 2011 (the "'880 patent"). A copy of the '068 patent is attached to this complaint as Exhibit 3.

5. Solas is the owner of U.S. Patent No. 7,663,615, entitled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method," which issued February 16, 2010 (the "'615 patent"). A copy of the '615 patent is attached to this complaint as Exhibit 4.

**Defendant and the Accused Products.**

6. On information and belief, Defendant Nintendo Co., Ltd. ("NCL") is a corporation organized under the laws of Japan, with a principal place of business at 11-1 Hokotate-cho, Kamitoba, Minami-ku, Kyoto 601-8501, Japan.

7. On information and belief, Defendant Nintendo of America, Inc. ("Nintendo of America") (together, with NCL, "Nintendo") is a corporation organized under the laws of the State of Washington, with its principal place of business at 4820 150th Avenue NE, Redmond,

Washington 98052. Nintendo of America is registered to do business in the State of Texas. Its registered agent in Texas is CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.

8.      On information and belief, Defendant Samsung Display Co., Ltd. ("Samsung Display") is a corporation organized under the laws of South Korea, with a principal place of business at 1 Samsung-Ro, Giheung-gu, Yongin-si, Gyeonggi-Do, 17113, South Korea.

9.      The Accused Products are the electronic devices made, used, offered for sale, sold, imported by Nintendo in the United States and which integrate OLED display panels supplied by Samsung Display to its customers, including Nintendo. The Accused Products include, without limitation, the Nintendo Switch (OLED) (illustrated below), which on information and belief was first made available for sale in the United States by Nintendo on or around October 8, 2021.



Nintendo Switch (OLED)

10.     On information and belief, Samsung Display supplies the OLED display panels used in the Accused Products sold in the United States, including for example the OLED display integrated into the Nintendo Switch (OLED) device. *See, e.g.*:

- Nintendo Switch OLED Teardown: More Than Screen Deep (Oct. 13, 2021), *available at* https://www.ifixit.com/News/53272/nintendo-switch-oled-teardown-

3

more-than-screen-deep ("Speaking of Samsung, this is a Samsung-made display…")

- "Nintendo Switch 2021 to Have Bigger Samsung OLED Display" (Mar. 3, 2021), *available at* https://www.techtimes.com/articles/257635/20210303/nintendo-switch-2021-bigger-samsung-oled-display-new-report.htm

- "Nintendo Plans Switch Model With Bigger Samsung OLED Display" (Mar. 3, 2021), *available at* https://www.bloomberg.com/news/articles/2021-03-04/nintendo-plans-switch-model-with-bigger-samsung-oled-display ("Nintendo Co. plans to unveil a model of its Switch gaming console equipped with a bigger Samsung OLED display this year, hoping the larger touchscreen can prop up demand in time for the holidays, people familiar with the plan said. Samsung Display Co. will start mass production of 7-inch, 720p-resolution OLED panels as early as June with an initial monthly target of just under a million units...")

**Jurisdiction and Venue.**

11.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over NCL and Samsung Display in this action because each of NCL and Samsung Display have established minimum contacts with the United States as a whole such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Both Defendants NCL and Samsung Display have purposefully directed activities at the United States, including, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging

in sales and marketing efforts to generate and support such sales.

13.     This Court has personal jurisdiction over Nintendo of America in this action because Nintendo of America has purposefully directed activities at this District, in particular, directing Accused Products (such as the Nintendo Switch (OLED)) to customers and distributors within the District and engaging in sales and marketing efforts to generate and support such sales.

14.     Defendant Samsung Display has committed acts of infringement of Solas's patents giving rise to this action, such as by supplying to Nintendo the OLED displays that are integrated into the Accused Products sold in this District. Samsung Display, directly and through subsidiaries, intermediaries, and third parties, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents and/or by inducing others to do so.

15.     The Nintendo defendants have committed acts of infringement of Solas's patents giving rise to this action, such as by selling, offering for sale, and importing the Accused Products, including the Nintendo Switch (OLED) devices, that are sold in this District. Nintendo, directly and through subsidiaries, intermediaries, and third parties, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents and/or by inducing others to do so.

16.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants NCL and Samsung Display are foreign corporations. Venue is proper as to foreign defendants in any district. 28 U.S.C. § 1391(c)(3). Nintendo of America has committed acts of infringement in this District by, for example, importing, selling, and offering for sale the Accused Products in this District. Nintendo of America also has a regular and established place of business in this District at 12345 N Lamar Blvd #300, Austin, TX 78753, where its wholly-owned development studio,

5

Retro Studios, Inc. ("Retro Studios"), is located. On information and belief, employees, officers, and/or agents of Nintendo of America regularly conduct business from this Austin location. Further, Nintendo of America has ratified the Austin location as an established place of business of Nintendo of America, including by advertising job positions at this location through its "Nintendo of America Careers" website (https://careers.nintendo.com/retro-studios/) and by describing the activities of Retro Studios in the Austin location—including activities to create games for the Nintendo Switch (OLED)—as producing game titles "with its partner and parent company, Nintendo." (*Id.*)

17.     Further, on information and belief, Nintendo of America directs and controls the actions of Retro Studios such that Nintendo of America maintains a place of business at 12345 N Lamar Blvd #300, Austin, TX 78753. For example, Nintendo of America has exerted its authority to speak for Retro Studios, such as by offering a Nintendo witness in response to a subpoena directed to Retro Studios. *See SyncPoint Imaging, LLC v. Nintendo of America, Inc*., No. 1:15-mc-00768-SS, ECF No. 1 (Non-Party Retro Studios, Inc.'s Opposed Motion to Quash) at 4 (W.D. Tex., Aug. 31, 2015); see id. at 2 ("Nintendo will be providing testimony regarding its relationship with Retro and Retro's lack of connection to the Eastern District of Texas."). As another example, on information and belief, Nintendo of America directs and controls the development of software for the Accused Products, including the Nintendo Switch (OLED), and specifically through its direction and control of Retro Studios.

**Count 1 – Claim for infringement of the '042 patent.**

18.     Solas incorporates by reference each of the allegations in paragraphs 1–17 above and further alleges as follows:

19.     On March 3, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,499,042, entitled "Display Device, Data Driving Circuit, and Display Panel Driving Method." Ex. 1.

20.     Solas is the owner of the '042 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

21.     Each claim of the '042 patent is valid, enforceable, and patent-eligible.

22.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '042 patent, and Solas is entitled to damages for Defendants' past infringement.

23.     Defendants have directly infringed (literally and equivalently) and induced others to infringe the '042 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '042 patent and by inducing others to infringe the claims of the '042 patent without a license or permission from Solas.

24.     On information and belief, Samsung Display makes, offers for sale, and sells certain infringing products such as infringing OLED display panels to customers, such as the Nintendo Defendants, who integrate those OLED display panels into devices that are imported and sold in the United States to consumers, such as the Nintendo Switch (OLED).

25.     Defendants also knowingly and intentionally induce and contribute to infringement of the '042 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '042 Patent and the infringing nature of

the Accused Products.

26.     On information and belief, Defendant Samsung Display has had knowledge of the '042 patent since around November 2019, after Solas filed suit against customers of Defendant Samsung Display in this District. Samsung Display has had actual knowledge of the '068 patent no later than March 22, 2021, when Solas filed a complaint against Samsung Display involving claims of infringement of the '042 patent in the Eastern District of Texas, which is *Solas OLED Ltd. v. Samsung Electronics Co., Ltd.*, 2-21-cv-00104-JRG (E.D. Tex.). Despite this knowledge of the '042 patent, Defendant Samsung Display continues to actively encourage and instruct its customers to use and integrate the accused products in ways that directly infringe the '042 Patent. Defendant Samsung Display does so knowing and intending that its customers will commit these infringing acts. Defendant Samsung Display also continues to make, use, offer for sale, sell, and/or import the accused products, despite its knowledge of the '042 patent, thereby specifically intending for and inducing its customers to infringe the '042 patent through the customers' normal and customary use of the Accused Products.

27.     Defendants have infringed multiple claims of the '042 patent, including independent claim 1. By way of example only, the Nintendo Switch (OLED), which incorporates an OLED display sold by Samsung Display, infringes an exemplary claim of the '042 patent, as in the description set forth in the claim chart attached hereto as Exhibit 5, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

28.     Defendants have known how the Accused Products are made and has known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to customers who integrate infringing OLED display panels into products imported into and sold within the United States, would constitute willful infringement of the '042 patent.

29.     Defendants have induced, and continue to induce, infringement of the '042 patent by actively encouraging others to use, offer to sell, sell, and import the Accused Products and/or devices that integrate or include the Accused Products. On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

Damages

30.     Solas has been damaged by Defendants' infringement of the '042 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 2 – Claim for infringement of the '068 patent.**

31.     Solas incorporates by reference each of the allegations in paragraphs 1–30 above and further alleges as follows:

32.     On August 11, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,573,068, entitled "Transistor Array Substrate and Display Panel."  Ex. 2.

33.     Solas is the owner of the '068 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

34.     Each claim of the '068 patent is valid, enforceable, and patent-eligible.

35.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '068 patent, and Solas is entitled to damages for Defendants' past infringement.

36.     Defendants have directly infringed (literally and equivalently) and induced others to infringe the '068 patent by making, using, selling, offering for sale, or importing products that

infringe the claims of the '068 patent and by inducing others to infringe the claims of the '068 patent without a license or permission from Solas.

37.     On information and belief, Samsung Display makes, offers for sale, and sells certain infringing products such as infringing OLED display panels to customers, such as the Nintendo Defendants, who integrate those OLED display panels into devices that are imported and sold in the United States to consumers, such as the Nintendo Switch (OLED).

38.     Defendants also knowingly and intentionally induce and contribute to infringement of the '068 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '068 Patent and the infringing nature of the Accused Products.

39.     On information and belief, Defendant Samsung Display has had knowledge of the '068 patent since around September 2019, after Solas filed suit against customers of Defendant Samsung Display in this District involving claims of infringement of devices with OLED display panels supplied by Samsung Display, including for example in *Solas OLED Ltd. v. Apple Inc*., No. 6:19-cv-00537-ADA(W.D. Tex.). Samsung Display has had actual knowledge of the '068 patent no later than September 15, 2020, when Solas filed a complaint against Samsung Display involving claims of infringement of the '068 patent in the Eastern District of Texas, which is *Solas OLED Ltd. v. Samsung Electronics Co., Ltd*., 2-20-cv-00307-JRG (E.D. Tex.). Despite this knowledge of the '068 patent, Defendant Samsung Display continues to actively encourage and instruct its customers to use and integrate the accused products in ways that directly infringe the '068 Patent. Defendant Samsung Display does so knowing and intending that its customers will commit these infringing acts. Defendant Samsung Display also continues to make, use, offer for sale, sell, and/or import the accused products, despite its knowledge of the '068 patent, thereby specifically

10

intending for and inducing its customers to infringe the '068 patent through the customers' normal and customary use of the Accused Products.

40.     Defendants have infringed multiple claims of the '068 patent, including independent claim 13. By way of example only, the Nintendo Switch (OLED), which incorporates an OLED display sold by Samsung Display, infringes an exemplary claim of the '068 patent, as in the description set forth in the claim chart attached hereto as Exhibit 6, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

41.     Defendants have known how the Accused Products are made and has known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to customers who integrate infringing OLED display panels into products imported into and sold within the United States, would constitute willful infringement of the '068 patent.

42.     Defendants have induced, and continues to induce, infringement of the '068 patent by actively encouraging others to use, offer to sell, sell, and import the Accused Products and/or devices that integrate or include the Accused Products.  On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

Damages

43.     Solas has been damaged by Defendants' infringement of the '068 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 3 – Claim for infringement of the '880 patent.**

44.     Solas incorporates by reference each of the allegations in paragraphs 1–43 above and further alleges as follows:

11

45.     On January 11, 2011, the United States Patent and Trademark Office issued U.S. Patent No. U.S. Patent No. 7,868,880, entitled "Display Apparatus and Drive Control Method Thereof." Ex. 3.

46.     Solas is the owner of the '880 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

47.     Each claim of the '880 patent is valid, enforceable, and patent-eligible.

48.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '880 patent, and Solas is entitled to damages for Defendants' past infringement.

49.     Defendants have directly infringed (literally and equivalently) and induced others to infringe the '880 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '880 patent and by inducing others to infringe the claims of the '615 patent without a license or permission from Solas.

50.     On information and belief, Samsung Display makes, offers for sale, and sells certain infringing products such as infringing OLED display panels to customers, such as the Nintendo Defendants, who integrate those OLED display panels into devices that are imported and sold in the United States to consumers, such as the Nintendo Switch (OLED).

51.     Defendants also knowingly and intentionally induce and contribute to infringement of the '880 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '880 Patent and the infringing nature of the Accused Products.

52.     On information and belief, Defendant Samsung Display has had knowledge of the '880 patent since around September 15, 2020, after Solas filed suit against Defendant Samsung

Display in the Eastern Disrict of Texas involving claims of infringement of devices with OLED display panels supplied by Samsung Display, in *Solas OLED Ltd. v. Samsung Electronics Co., Ltd.*, No. 2:20-cv-00397-JRG (E.D. Tex.). Despite this knowledge of the '880 patent, Defendant Samsung Display continues to actively encourage and instruct its customers to use and integrate the accused products in ways that directly infringe the '880 Patent. Defendant Samsung Display does so knowing and intending that its customers will commit these infringing acts. Defendant Samsung Display also continues to make, use, offer for sale, sell, and/or import the accused products, despite its knowledge of the '880 patent, thereby specifically intending for and inducing its customers to infringe the '880 patent through the customers' normal and customary use of the Accused Products.

53.    Defendants have infringed multiple claims of the '880 patent, including independent claim 2. By way of example only, the Nintendo Switch (OLED), which incorporates an OLED display sold by Samsung Display, infringes an exemplary claim of the '880 patent, as in the description set forth in the claim chart attached hereto as Exhibit 7, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

54.    Defendants have known how the Accused Products are made and has known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to customers who integrate infringing OLED display panels into products imported into and sold within the United States, would constitute willful infringement of the '880 patent.

55.    Defendants have induced, and continues to induce, infringement of the '880 patent by actively encouraging others to use, offer to sell, sell, and import the Accused Products and/or devices that integrate or include the Accused Products.  On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products;

providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

Damages

56.     Solas has been damaged by Defendants' infringement of the '880 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 4 – Claim for infringement of the '615 patent.**

57.     Solas incorporates by reference each of the allegations in paragraphs 1–56 above and further alleges as follows:

58.     On February 16, 2010, the United States Patent and Trademark Office issued U.S. Patent No. U.S. Patent No. 7,663,615, entitled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method."  Ex. 4.

59.     Solas is the owner of the '615 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

60.     Each claim of the '615 patent is valid, enforceable, and patent-eligible.

61.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '615 patent, and Solas is entitled to damages for Defendants' past infringement.

62.     Defendants have directly infringed (literally and equivalently) and induced others to infringe the '615 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '615 patent and by inducing others to infringe the claims of the '615 patent without a license or permission from Solas.

63.     On information and belief, Samsung Display makes, offers for sale, and sells certain infringing products such as infringing OLED display panels to customers, such as the Nintendo

14

Defendants, who integrate those OLED display panels into devices that are imported and sold in the United States to consumers, such as the Nintendo Switch (OLED).

64.     Defendants also knowingly and intentionally induce and contribute to infringement of the '615 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '615 Patent and the infringing nature of the Accused Products.

65.     On information and belief, Defendant Samsung Display has had knowledge of the '615 patent since around October 2019, after Solas filed suit against customers of Defendant Samsung Display in this District involving claims of infringement of devices with OLED display panels supplied by Samsung Display, including for example in *Solas OLED Ltd. v. HP Inc*., No. 6:19-cv-00631-ADA (W.D. Tex.). Samsung Display has had actual knowledge of the '068 patent no later than March 22, 2021, when Solas filed a complaint against Samsung Display involving claims of infringement of the '615 patent in the Eastern District of Texas, which is *Solas OLED Ltd. v. Samsung Electronics Co., Ltd*., 2-21-cv-00104-JRG (E.D. Tex.). Despite this knowledge of the '615 patent, Defendant Samsung Display continues to actively encourage and instruct its customers to use and integrate the accused products in ways that directly infringe the '615 Patent. Defendant Samsung Display does so knowing and intending that its customers will commit these infringing acts. Defendant Samsung Display also continues to make, use, offer for sale, sell, and/or import the accused products, despite its knowledge of the '615 patent, thereby specifically intending for and inducing its customers to infringe the '615 patent through the customers' normal and customary use of the Accused Products.

66.     Defendants have infringed multiple claims of the '615 patent, including independent claim 11. By way of example only, the Nintendo Switch (OLED), which incorporates

an OLED display sold by Samsung Display, infringes an exemplary claim of the '615 patent, as in the description set forth in the claim chart attached hereto as Exhibit 8, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

67.     Defendants have known how the Accused Products are made and has known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to customers who integrate infringing OLED display panels into products imported into and sold within the United States, would constitute willful infringement of the '615 patent.

68.     Defendants  have induced, and continues to induce, infringement of the '615 patent by actively encouraging others to use, offer to sell, sell, and import the Accused Products and/or devices that integrate or include the Accused Products.  On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

Damages

69.     Solas has been damaged by Defendants' infringement of the '615 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Jury demand.**

70.     Solas demands trial by jury of all issues.

**Relief requested.**

Solas prays for the following relief:

A.     A judgment in favor of Solas that Defendant has infringed the '042 patent, the '068 patent, the '880 patent, and the '615 patent and that the '042 patent, the '068 patent, the '880 patent ,and the '615 patent are valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Defendants to pay Solas compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C.      A permanent injunction prohibiting Defendants from further acts of infringement of the '042 patent, the '068 patent, the '880 patent, and the '615 patent;

D.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Solas, including, without limitation, pre-judgment and post-judgment interest;

E.      A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Solas' reasonable attorney's fees and costs; and

F.      Any and all other relief to which Solas may be entitled.

Dated December 7, 2021                              Respectfully submitted,

                                                    */s/ Reza Mirzaie*
                                                    Reza Mirzaie
                                                    CA State Bar No. 246953
                                                    Email: rmirzaie@raklaw.com
                                                    Marc Fenster
                                                    CA State Bar No. 181067
                                                    Email: mfenster@raklaw.com
                                                    Neil A. Rubin
                                                    CA State Bar No. 250761
                                                    Email: nrubin@raklaw.com
                                                    James S. Tsuei
                                                    CA State Bar No. 285530
                                                    Email: jtsuei@raklaw.com
                                                    Philip X. Wang (CA Bar No. 262239)
                                                    Email: pwang@raklaw.com
                                                    RUSS AUGUST & KABAT
                                                    12424 Wilshire Blvd. 12th Floor
                                                    Los Angeles, CA 90025
                                                    Telephone: 310-826-7474

                                                    **Attonrneys for Solas  OLED Ltd.**

17